# Arbuthnot, Appellant, *v.* Smith.

*Sale—Rescission—Tender of money—Waiver of tender—Replevin.*

In order that a vendor may rescind a contract of sale of chattels he must return to the purchaser any money paid, and must relinquish any advantage gained by the contract; but where a portion of the goods have been sold, and a replevin has been brought for the balance, the defendant in the replevin may in consideration of the reduction of the amount of the claim property bond waive the return of the purchase money paid and agree that the replevin shall stand for the purpose of determining the balance due.

Argued May 17, 1901. Appeal, No. 137, April T., 1901, by plaintiffs, from order of C. P. Lawrence Co., Dec. T., 1897, No. 53, refusing to take off nonsuit in case of Arbuthnot, Stephenson & Company v. E. E. Smith and J. M. Smith. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Reversed.

Replevin for goods said to have been obtained by false pretenses. Before Rayburn, specially presiding.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*E. N. Baer*, with him *M. McConnell*, for appellants.—Plaintiffs contend that tender of money paid on account was waived in this case by the defendants, in the agreement made between plaintiffs and defendants, to accept the personal security of J. M. Smith for the unpaid balance, and let the issue stand for the balance only. But for this agreement the plaintiff could have proceeded with the writ and reclaimed goods to the value of the unpaid balance only with perfect safety: Schofield et al. v. Shiffer et al., 156 Pa. 65; Roth v. Crissy, 30 Pa. 146.

The issue being for the unpaid balance only, it would be unreasonable to require a tender at the trial of the case: Schwartz v. McCloskey, 156 Pa. 258; Sloane v. Shiffer, 156 Pa. 59.

The right of rescission by a vendor on the ground of fraud is good against all persons, except a transferee, for value without notice, and the burden is on the transferee to prove the

good faith and fairness of the transaction: Neff v. Landis, 110 Pa. 204; Levy v. Cooke, 143 Pa. 607 at 615.

*Chester W. Wallace* for appellees, cited: Schofield v. Shiffer, 156 Pa. 65; Schwartz v. McCloskey, 156 Pa. 258; Sloan v. Shiffer, 156 Pa. 59.

OPINION BY BEAVER, J., July 25, 1901:

Plaintiff claimed to rescind a sale of personal property made to one of the defendants and his partner, upon the ground of fraudulent representations, and issued his replevin to take so much of the property as remained unsold out of the hands of the other defendant, who claimed to be an innocent purchaser for value. The bill of goods purchased amounted to $1,078.63. Upon this there were credits of cash $800, merchandise returned and discount $81.40, leaving a balance due the plaintiff of $197.23. The plaintiffs, in issuing their replevin, gave bond in the sum of $2,200. They had not returned, nor had they offered to return, the money paid. Part of the goods had been sold. One of the defendants, the purchaser of the goods from the original vendees, wishing to retain them and give a claim property bond, was unable to secure sureties upon a bond of $2,200 and, in order to avoid the necessity therefor, as stated by the representative of the plaintiffs, " We met at nine o'clock the next morning and Mr. Wallace (the attorney for the defendants) stated that they were unable to furnish a bond for $2,200 and that, as the unpaid balance upon the bill was only about $200, that he would waive the right of the return of the money and let the issue stand upon the unpaid balance ; that that would be $300 in cash and Mr. John M. Smith's personal bond for $500, in the hands of the sheriff, until the issue would be settled by the court. That, after giving the matter due consideration, we concluded was only fair and just, as we only wanted what was just and fair ; that it was for the unpaid balance and costs ; that we only wanted what was our own and we conceded to that, the cash and Mr. Smith's personal bond, and they were placed in the hands of the sheriff and they retained the goods and I went home."

As to the general rule in such cases there is no dispute. " In order that a vendor may rescind a contract of sale of chattels

he must return to the purchaser any money paid and must relinquish any advantage gained by the contract : Schofield et al. v. Shiffer et al., 156 Pa. 65 ; Schwartz v. McCloskey, 156 Pa. 258. But in the first of these cases it is held that "where goods are sold under fraudulent representations and are all delivered under one contract of sale, the vendors may rescind the contract, without tendering to the vendees the portion of the purchase money paid, if it appears that the value of the goods reclaimed does not exceed the balance due the vendors." Much more is this the case where there is a waiver of the return of the money and an agreement that the replevin shall stand for the purpose of determining the balance due, and as a consideration therefor, the bond of the defendant has been reduced. If the agreement claimed by the plaintiff was actually made, the rescission was good simply as to the balance and the case should have gone to the jury. The court below was, therefore, in error in granting a nonsuit and in refusing to take it off. Judgment reversed and a new venire awarded.